UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESDRA NAVARRO ARENAS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No.  1:26-cv-00166-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY RESPONDENTS' REQUEST TO DISMISS AS MOOT

(A-Number 249-412-285)

(Docs. 1, 14)

**7-Day Objection Period**

Petitioner Esdras Navarro Arenas ("Petitioner"), a federal detainee proceeding by counsel, initiated this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a contemporaneously-filed motion for temporary restraining order ("TRO").  (Docs. 1, 2)  On January 26, 2026, the presiding district judge converted Petitioner's TRO motion to a preliminary injunction and granted the preliminary injunction in part, ordering Petitioner be provided a substantive bond hearing, at which the government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. (Doc. 13).  The district judge set a briefing schedule on the merits of the petition and referred the matter to the undersigned.  *Id.* at 9-10.  For the reasons set forth herein, the undersigned recommends that Respondents' motion to dismiss be denied and that Petitioner's

1

petition for writ of habeas corpus be granted in part as to his procedural due process claim.

I.      **Relevant Background**

On January 11, 2026, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the California City Detention Facility in California City. (Doc. 1 ¶ 6). Respondents are the Christopher Chestnut (Warden of the California City Detention Center), Kristi Noem (Secretary of Homeland Security), Pamela Bondi (United States Attorney General), and Moises Becerra (ICE Field Office Director) (collectively, "Respondents"). *Id.* ¶¶ 11-14.

In granting a preliminary injunction, the Court noted that Petitioner's claim turns on whether section 1225(b) or section 1226(a) justifies Petitioner's re-detention by immigration authorities following his original release. (Doc. 13 at 4). The Court found that "[c]ourts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful." *Id.* (citing cases). Separately, the Court held that Respondents failed "to meaningfully contend with the liberty interest created by the fact that the Petitioner … was released on recognizance in August 2024 before the current manifestation of [DHS's] interpretation" and that, under the three-factor procedural due process test in *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976), Petitioner has demonstrated a likelihood of success on the merits of his due process claim under the Fifth Amendment to the U.S. Constitution. *Id.* at 8. The Court therefore granted a preliminary injunction in part and set a briefing schedule on the merits of the petition. *Id.* at 9-10.

Respondents thereafter filed a response to the petition in which they represent that following the entry of a preliminary injunction, on February 3, 2026, an immigration judge held a bond hearing and ordered Petitioner released on bond, and that the Department of Homeland Security ("DHS") elected not to appeal. *Id.* at 2. Respondents therefore contend that the Court should dismiss the petition as moot because "Petitioner has been granted the relief he sought and there is no longer an active controversy for the Court to adjudicate." *Id.*

On April 10, 2026, Petitioner filed a response to Respondents' response. (Doc. 16). Petitioner argues that this matter is not moot or subject to dismissal because of his release because

2

a final judgment on the merits is necessary to dispose of the basis of his petition. *Id.* at 1. Petitioner requests the Court issue a final order finding Petitioner's initial detention unlawful and subsequent relief through the production of a bond hearing as the appropriate remedy. *Id.*

## II.    Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.    Discussion

### A.    Recommendation to Deny Respondents' Request to Dismiss as Moot

The undersigned first addresses Respondents arguments concerning mootness. As noted above, Respondents contend the Court should dismiss the petition as moot because the Court granted Petitioner the relief requested in the petition and Petitioner has been released from custody. (Doc. 14 at 2).

The undersigned finds that Petitioner's release from detention does not render this action moot. Specifically, the preliminary injunction granted in this action did not adjudicate Petitioner's petition on the merits. *See Gonzalez-Fuentes v. Warden*, No. 2:26-cv-00660-DAD-CSK, 2026 WL 915041, at *2 (E.D. Cal. Apr. 3, 2026) ("If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.") (citing *Im v. Semaia*, No. 5:25-cv-2733-JAK (Ex), 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026)); *Phan v. Becerra*, No. 2:25-cv-1757-DC-JDP, 2026 WL

622201, at *2-3 (E.D. Cal. Mar. 5, 2026) (recommending motion to dismiss be denied as "respondents have not satisfied their 'heavy burden of establishing that there is no effective relief remaining for a court to provide.'") (citing *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 192 F.3d 1304, 1306 (9th Cir. 1999)), recommendation adopted, 2026 WL 927930, at *1 (E.D. Cal. Apr. 3, 2026); *Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("This Order [granting a preliminary injunction] and the Court's temporary restraining order do not adjudicate [p]etitioner's 28 U.S.C. § 2241 petition on the merits. … A habeas petition is not moot where preliminary relief is not made permanent.") (citing *Nielsen v. Preap*, 586 U.S. 392, 403 (2019)); *Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus.").

Therefore, because the undersigned finds it necessary to address Petitioner's petition on the merits, the undersigned will recommend that Respondents' request to dismiss be denied.

### B.   Procedural Due Process

The undersigned now turns to Petitioner's petition.  Petitioner asserts two causes of action in his petition for (1) violation of procedural due process under the Fifth Amendment to the U.S. Constitution and (2) violation of § 1226(a) pursuant to the *Maldonado Bautista* class action.  *See* (Doc. 1 at 28-29).  As set forth below, because the undersigned finds that Respondents have violated Petitioner's constitutional rights to procedural due process, and because Petitioner's other claim seeks the same or similar relief (*i.e.*, for immediate release or a bond hearing), the undersigned declines to address Petitioner's other claim.

#### 1.   Governing Authority

"The Due Process Clause of the Fifth Amendment mandates that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'" *United States v. Quintero*, 995 F.3d 1044, 1051 (9th Cir. 2021) (citing U.S. Const. amend. V).  "The Due Process Clause 'protects individuals against two types of government action': violations of substantive due process and procedural due process."  *Id.* (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

4

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth … Amendment." *Mathews*, 424 U.S. at 333. "[F]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Procedural due process requires that, even where a deprivation of liberty survives substantive due process scrutiny, the action 'be implemented in a fair manner.'" *Quintero*, 995 F.3d at 1051-52 (citing *Salerno*, 481 U.S. at 746). "The 'right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.'" *Mathews*, 424 U.S. at 902 (citation omitted). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citations omitted); *see Hernandez*, 872 F.3d at 990 ("[I]t is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority."). "In the context of immigration detention, it is well-settled that 'due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Hernandez*, 872 F.3d at 990 (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)).

2.    Analysis

Respondents' briefing on the merits of the petition (Doc. 14) does not challenge the presiding district judge's earlier finding that Petitioner is likely to succeed on the merits of his procedural due process claim under the Fifth Amendment to the U.S. Constitution, asserting instead only that the petition should be dismissed as moot. Thus, because Respondents stand on

their earlier arguments already considered by Court in its order granting in part Petitioner's motion for a preliminary injunction (Doc. 13), the undersigned recommends the Court grant Petitioner's petition as to his procedural due process claim.

The Court previously found that Petitioner has a liberty interest "created by the fact that [he] … was released on recognizance in August 2024 before the current manifestation of [DHS's new policy] interpretation." *Id.* at 5. Under *Mathews*, Petitioner has a substantial private interest in being out of custody and his detention denies him that liberty interest, there is at least some risk of erroneous deprivation here where DHS "necessarily concluded that [Petitioner] was not a flight risk or danger to the community" when it released Petitioner on parole in 2024, and the government's interest in detaining Petitioner without proper process is slight. *Id.* at 5-8.

The Court also previously found that because Respondents "did not engage with Petitioner's due process arguments, they have not provided the [C]ourt with any information regarding the burden on the government." *Id.* at 8 (citing *Rocha Chavarria v. Chestnut,* No. 1:25-cv-1755-DAD-AC, 2025 WL 3533606, *4 (E.D. Cal. Dec. 9, 2025)). Respondents again fail to raise any argument considering Petitioner's due process claims. (Doc. 14).

Because Respondents do not raise any new argument in response to the Court's findings on Petitioner's procedural due process claim and, thus, do not rebut that the merits of Petitioner's claim, the undersigned will recommend that the Court grant Petitioner's petition as to his procedural due process claim.

## IV.    **Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondents' request to dismiss this action as moot (Doc. 14) be DENIED.

2.  The petition for writ of habeas corpus (Doc. 1) be GRANTED in part only as to "Count One" for violation of Fifth Amendment Right to Procedural Due Process.

3.  The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within seven (7) days**

after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE